IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

G.J., BY AND THROUGH HIS PARENT   :        CIVIL ACTION
AND EDUCATIONAL DECISION-MAKER,   :
BETTY JACKSON                     :
                                  :
          v.                      :
                                  :
LOWER MERION SCHOOL DISTRICT      :        NO. 11-3723

MEMORANDUM

Bartle, J.                                          June 19, 2012

          Plaintiff G.J., by and through his parent and
educational decision-maker Betty Jackson, brought this complaint
against Lower Merion School District (the "School District") for
violation of:  (1) the Individuals with Disabilities Education
Act ("IDEA"), 20 U.S.C. §§ 1400 et seq.; (2) Section 504 of the
Rehabilitation Act ("Rehabilitation Act"), 29 U.S.C. § 794; and
(3) 42 U.S.C. § 1983.  Thereafter, the parties reached a
settlement on the merits of these claims.  Before the court is
the motion of plaintiffs pursuant to 20 U.S.C. § 1415(i)(3) for
attorneys' fees in the amount of $71,473.60 and costs in the
amount of $1,468.88.

                              I.

          G.J. is a former student of Lower Merion School
District who was identified during first grade as a student with
a specific learning disability in the areas of reading, written
language, and math.  In 2010, when G.J. was in eleventh grade,
G.J. and his parent filed a due process complaint against the

School District in which they alleged that the School District violated the IDEA and the Rehabilitation Act.  The complaint alleged that G.J. had been denied a free appropriate public education ("FAPE").[1]  The School District cross-filed a complaint seeking a determination that it was not obligated to reimburse G.J. for the cost of an independent educational evaluation ("IEE") performed on G.J. as previously requested by G.J. and his parents.

        The two complaints were consolidated for a six-day hearing.  On March 25, 2011, the hearing officer determined that G.J. was denied a FAPE during the summers of 2008 and 2009 due to the School District's failure to provide extended school year services during those periods.  As a result, she awarded G.J. $7,200 in compensatory education.  In all other respects, the School District was found to have provided G.J. with a FAPE during the 2008-2009 and 2009-2010 school years.  Finally, the hearing officer determined that the School District's evaluation of G.J. was insufficient and granted G.J. and his parents reimbursement in the amount of $975 for the IEE they had secured.

        G.J. appealed the decision of the hearing officer to this court.  In his complaint, G.J. asserted that the hearing officer erred by failing to award him compensatory education for

----

1.  The complaint asserted a denial of FAPE from the 1999-2000 school year, when G.J. was in first grade, until the 2009-2010 school year, when G.J. was in eleventh grade.  Prior to the hearing, however, the hearing officer granted the School District's motion to limit claims to incidents which occurred after June 26, 2008.

the full 2008-2009 and 2009-2010 school years.  According to
G.J., the School District also discriminated against him in
violation of the Rehabilitation Act by misidentifying him as
disabled and placing him in special education classes.  G.J.
sought monetary damages, attorney's fees and costs, and
enforcement of the favorable aspects of the hearing officer's
decision.

Thereafter, the parties entered into a written
settlement agreement.  The agreement entitles G.J. to
compensatory education in excess of the amount awarded by the
hearing officer.  It resolved all claims with the exception of
plaintiffs' request for attorneys' fees and costs.

II.

Under the IDEA, a court may "award reasonable
attorneys' fees as part of the costs ... to a prevailing party
who is the parent of a child with a disability."  20 U.S.C.
§ 1415(i)(3)(B)(i).  There is no dispute that G.J. and his parent
are the prevailing parties.  The School District challenges only
the amount of attorneys' fees and costs to which plaintiffs are
entitled.

The IDEA provides that a court may not award attorneys'
fees and costs for work performed subsequent to a written
settlement offer by a school district to a parent if:

> (I) the offer is made ... at any time more
> than 10 days before the proceeding begins;
>
> (II) the offer is not accepted within 10
> days; and

-3-

> (III) the court or administrative hearing
> officer finds that the relief finally
> obtained by the parents is not more favorable
> to the parents than the offer of settlement.

Id. at § 1415(i)(3)(D).  Plaintiffs concede that the School
District made a written settlement offer at least ten days before
the due process hearing and that they did not accept this offer.
The remaining question is whether the School District's offer was
more favorable than the relief finally obtained by G.J.

In the settlement offer, the School District proposed
that G.J. receive funding for 315 hours of compensatory education
with total costs not to exceed $18,900.  In exchange, G.J. and
his parent would waive all claims against the School District
from the date G.J. became eligible for special education services
to the date the agreement was executed, including claims for
compensatory education, transition services, IEEs, and costs.
G.J. and his parent rejected this offer.  As discussed above, the
hearing officer later awarded to G.J. 120 hours, or $7,200, of
compensatory education and ordered the School District to
reimburse G.J. and his parent for funds expended by them to
secure an IEE.  The IEE, which was performed by Tawanna Jones,
cost $975.

Plaintiffs assert that the settlement offer was not
more favorable than the relief finally obtained because the
settlement offer did not include an admission that the School
District denied G.J. a FAPE or otherwise violated G.J.'s rights

-4-

and it did not include an IEE.[2]  They maintain that "[t]he comparison here is far more complex than a comparison of dollar amounts."  See B.B. v. Perry Twp. Sch. Corp., No. 07-731, 2009 U.S. Dist. LEXIS 68910, at *9-10 (S.D. Ind. Aug. 6, 2009).  Plaintiffs further note that "money damages are not the only measure of whether a plaintiff has obtained a 'more favorable' judgment."  See Andretti v. Borla Performance Indus., Inc., 426 F.3d 824, 837 (6th Cir. 2005) (citing Lish v. Harper's Magazine Found., 148 F.R.D. 516, 520 (S.D.N.Y. 1993)).

     We recognize that a court may take into account non-monetary relief, such as injunctive or declaratory relief, when considering a petition for attorneys' fees and that such relief is on occasion difficult to quantify.  See Hensley v. Eckerhart, 461 U.S. 424, 435 n.11 (1983).  Here, however, the School District offered more than double the amount of compensatory education ultimately awarded to G.J. by the hearing officer, for a difference of $10,725.  This figure is significant.  Although plaintiffs ultimately secured a finding that G.J. was denied a FAPE during the summers of 2008 and 2009, the hearing officer concluded that in all other respects G.J. "has not been denied a FAPE."  Further, the hearing officer found that the record was "replete with examples of the [School] District continually doing

---

2.  As discussed above, plaintiffs later secured a more favorable settlement after filing a complaint in this court.  However, plaintiffs do not rely on this settlement to assert that the "relief finally obtained" was "more favorable."  See 20 U.S.C. § 1415(i)(3)(D).

whatever it could to motivate and support" G.J.  The hearing
officer's award of $7,200, plus the finding that G.J. was denied
a FAPE over two summers and the order for the School District to
reimburse G.J.'s mother $975 for the IEE already performed,
simply do not outweigh the School District's offer of $18,900 in
compensatory education.[3]  Therefore, plaintiffs may recover
attorneys' fees and costs only for work performed before
August 12, 2010, the date the settlement offer was made.  See 20
U.S.C. § 1415(i)(3)(D).

### III.

We must now consider the amount of attorneys' fees and
costs to which plaintiffs are entitled for work performed after
August 12, 2010.  In statutory fee-shifting cases such as this,
we apply the "lodestar" method of calculating attorneys' fees,
which requires us to multiply the number of hours reasonably
expended by a reasonable hourly rate.  Loughner v. Univ. of
Pittsburgh, 260 F.3d 173, 177 (3d Cir. 2001).  If the party
seeking fees carries his burden "of showing that the claimed
rates and number of hours are reasonable, the resulting product
is presumed to be the reasonable fee to which counsel is
entitled."  Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir.

---

3.  The IDEA also provides that a parent who did not obtain
relief more favorable than the School District's offer of
settlement may nonetheless be entitled to an award of attorneys'
fees and costs if the parent was "substantially justified in
rejecting the settlement offer."  See 20 U.S.C. § 1415(i)(3)(E).
G.J. does not raise the issue and therefore we decline to address
this provision.

2001).  Nonetheless, the court retains the discretion to modify the lodestar and may adjust it downward if it is unreasonable in light of the results obtained.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

### A.  Hours Expended

A court calculating the hours reasonably expended in litigation must "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'"  Public Int. Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995); Maldonado, 256 F.3d at 184.  Our Court of Appeals has stressed that the district court has "a positive and affirmative function in the fee fixing process, not merely a passive role."  Maldonado, 256 F.3d at 184; Loughner, 260 F.3d at 178.  Furthermore, the party opposing the motion for fees has the burden "to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee."  Rode, 892 F.2d at 1183.  We may only reduce the requested fee on grounds raised by the party opposing the fee award, but we exercise our discretion to achieve a reasonable fee in light of any objections raised.  Id.

Plaintiffs have submitted detailed time records in support of their motion.  These records show that plaintiff's lead counsel, Sonja D. Kerr, Esquire performed the following

-7-

work:  2.4 hours drafting the initial due process complaint[4]; 5
hours drafting and filing the amended due process complaint; 0.5
hours reviewing extended school year standards in preparation for
the hearing; 0.4 hours reviewing the pleadings and orders in
preparation for the hearing; 1 hour reviewing exhibits and the
witness list; 0.5 hours on a telephone call with G.J.'s parent to
discuss the upcoming hearing; 0.4 hours on a telephone call with
G.J.'s parent regarding the School District's proposal to provide
private tutoring to G.J.; 0.5 hours on a conference call with
opposing counsel; 0.5 hours on a telephone call with G.J.'s
parent regarding the School District's notice of recommended
placement ("NOREP") for summer 2010; 0.2 hours drafting emails
and a letter in response to the NOREP; 0.5 hours on a conference
call with the hearing officer to discuss the hearing; 0.5 hours
on a phone call with G.J.'s parent regarding settlement
negotiations; 1 hour reviewing the School District's due process
complaint regarding an IEE; 4.8 hours drafting a response to the

---

4.  The School District asserts that Kerr should not be
compensated for time spent preparing this complaint because it
was later deemed insufficient by the hearing officer.  In
support, it cites 34 C.F.R. § 300.517(c)(4)(iv).  That provision
does not apply where, as here, "there was a violation of section
615 of the [IDEA]."  Id. at (c)(5).  Moreover, preparation for
that complaint likely "overlapped with and informed" the
preparation of the second due process complaint, on which
plaintiffs prevailed.  See Neena S. v. Sch. Dist. of Phila., No.
05-5404, 2009 WL 2245066, at *7 (E.D. Pa. July 27, 2009) (citing
J.O. v. Orange Twp. Bd. of Educ., 287 F.3d 267, 271 (3d Cir.
2002)).  Accordingly, we find that plaintiffs may recover for
this time.

School District's motion to limit claims[5]; and 1.2 hours drafting a response to the request of the School District for a hearing on the IEE issue and motion for a more definite statement.

Plaintiffs' co-counsel Sandra Wang, Esquire worked the following time on this matter:  1.26 hours drafting a subpoena to the School District for internal math and reading protocols; 0.04 hours on a call to G.J.'s parent regarding the hearing date and the subpoena; 7.44 hours preparing exhibits 1-35 for the due process hearing; 4.03 hours preparing exhibits 35-50; 0.12 hours on a phone call with G.J.'s parent to explain hearing procedures; 4.5 hours preparing exhibits 50-76 and drafting witness and exhibit lists; 2.15 hours researching extended school year standards and organizing related exhibits; and 0.24 hours amending the exhibit book and witness list.

Finally, there is the time of Annette Thomas, an intern who worked with Kerr and Wang on this matter.  She spent 21.1 hours preparing the trial notebook.

Plaintiffs have also submitted the affidavit of Jonathan S. Corchnoy, Esquire in support of the reasonableness of hours expended.  We have reviewed the records submitted by plaintiffs and found no excessive or unnecessary preparation in the hours set forth above.

---

5.  As discussed above, the hearing officer granted the School District's motion to limit claims and therefore plaintiffs did not prevail on this issue.  However, the School District does not specifically challenge these hours.

## B.  Reasonable Hourly Rates

Plaintiffs seek attorneys' fees at the following rates: (1) $450 for Attorney Kerr; (2) $175 for Attorney Wang; and (3) $125 for Kerr's intern, Annette Thomas.

In calculating the lodestar, we are required to use a reasonable hourly rate for all legal professionals.  Our Court of Appeals has advised that "a reasonable hourly rate is calculated according to the prevailing market rate in the relevant community." Maldonado, 256 F.3d at 184.  We must "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (citing Dellarciprete, 892 F.2d at 1183).  The party seeking fees "bears the burden of establishing by way of satisfactory evidence, in addition to [the] attorney's own affidavits,... that the requested hourly rates meet this standard." Id. (citing Washington v. Phila. Cty. Ct. of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996)) (internal quotation omitted); Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 361 (3d Cir. 2001).

The best evidence of the reasonable rate for an attorney's time is the customary billing rate for clients. Maldonado, 256 F.3d at 184-85.  Where an attorney does not have a customary billing rate, we may consider:

> "(1) affidavits of counsel with similar
> experience as to what they would charge for a
> similar case; (2) bar surveys of customary

-10-

Case 2:11-cv-03723-HB   Document 22   Filed 06/19/12   Page 11 of 16


> rates; (3) the amount charged by counsel for
> the opposition in the particular case or
> similar litigation; (4) the amounts awarded
> counsel with similar experience in similar
> litigation; and (5) the amounts awarded for
> the services of counsel in prior litigation."

Mitchell, 2010 WL 1370863, at *14 (quoting 10 James Wm. Moore et al., Moore's Federal Practice ¶ 54.190 (3d ed. 2009)).

Once the plaintiff makes a prima facie case for the requested hourly rate, the fee opponent must present "appropriate record evidence" to contest that rate.  Smith v. Phila. Housing Auth., 107 F.3d 223, 225 (3d Cir. 1997).  If the fee opponent fails to present such evidence, the fee movant will receive the requested fee.  Id.  If the fee opponent does present "appropriate record evidence," the court must hold a hearing "to determine the reasonable market rates."  Id.

Attorney Kerr is the Director of the Disability Rights Project at the Public Interest Law Center of Philadelphia ("PILCOP").  She has practiced law since 1987.  For the past 24 years, she has specialized in special education law.  In support of the motion, Kerr has submitted an affidavit stating that her hourly rate since joining PILCOP in March, 2009 has been $450 per hour.  She has also submitted the affidavit of Dennis C. McAndrews, Esquire.  Attorney McAndrews attests to the reasonableness of the rate plaintiffs have requested for Attorney Kerr.

In opposition, the School District has submitted a Memorandum and Order signed by another judge of this district.

That judge found Kerr's requested rate of $450 was not reasonable and reduced Kerr's rate to $370 per hour.  See M.M. et al. v. Sch. Dist. of Phila., No. 11-4482, slip. op at 10-12  (E.D. Pa. Mar. 27, 2012).  In doing so, the court relied on evidence that Attorney McAndrews, who also submitted an affidavit in support of Kerr's fee in that case, only charged a rate of $395 as of July, 2011 despite having greater experience in special education law than Kerr.  Id. at 10.  The court further relied on an affidavit submitted by the School District in which an attorney specializing in education law attested:  "I am not aware of any reported special education cases in Pennsylvania awarding an hourly rate of $450 to any parents' attorney."  Id. at 11. Finally, the court relied on a schedule of rates charged by Community Legal Services ("CLS"), a Philadelphia-based legal services provider for low-income individuals.  Id. at 12.

    We find the reasoning of M.M. persuasive.  As discussed above, Attorney McAndrews recently charged significantly less than the rate requested by Kerr, despite the fact that he has eight more years of experience.  An hourly rate of $400 is the highest awarded rate plaintiffs have cited for similar work in this district.  See Enright v. Springfield Sch. Dist., No. 04-1563, 2008 U.S. Dist. Lexis 20051, at *6 (E.D. Pa. Mar. 13, 2008); T.B. v. Mount Laurel Bd. of Educ., No. 09-780, 2012 U.S. Dist. Lexis 44848 (E.D. Pa. Mar. 30, 2012).  The other rates cited by plaintiffs in support of Kerr's request are not from this geographical area.

-12-

Plaintiffs assert that this court should decline to follow M.M. because, among other reasons, no evidentiary hearing was held in that action.  However, our Court of Appeals has stated:

> [A] district court's failure to conduct an evidentiary hearing on this matter is not reversible error.  As we have warned, the inquiry into the proper fee should not assume massive proportions ... dwarfing the case in chief.  Many fee applications are decided on the basis of affidavits without the need for a hearing.  A hearing must be held only where the court cannot fairly decide disputed questions of fact without it.

Blum v. Witco Chem. Corp., 829 F.2d 367, 377-78 (3d Cir. 1987) (internal citations and quotations omitted); see also Drelles v. Metro. Life Ins. Co., 90 F. App'x 587, 591 (3d Cir. 2004).  In M.M., as here, the court relied on affidavits submitted by the parties and the decisions of other judges in this district, which are matters of public record.  There were no factual disputes and, as a result, an evidentiary hearing was not required.  Accordingly, we will award Attorney Kerr attorneys' fees at a rate of $400 based on M.M. and the relevant precedents as well as the affidavits presented by the parties.  This is currently a fair and reasonable rate in this community in light of the work performed and Kerr's skills and experience.

We find that Attorney Sandra Wang's rate of $175 is reasonable.  Attorney Wang was graduated from Western New England School of Law in 2007 and established the Law Offices of Sandra Wang, LLC in 2010.  Before representing G.J. she had worked on

-13-

over a dozen IDEA cases.  In support of the motion, Attorney Wang has submitted an affidavit stating that these rates are representative of what she normally charged during this time period.  The School District does not contest the reasonableness of this rate.

Finally, we approve the rate of $125 for Annette Thomas.  During the time period in issue, Thomas was a third-year student at the Earle Mack School of Law at Drexel University and an intern at PILCOP.  The School District also does not contest the reasonableness of Thomas's rate.

Accordingly, we will award attorneys' fees at the rates set forth above.

## C. Lodestar Calculation

We will now multiply the compensable time each attorney worked by the reasonable hourly rate to compute the lodestar:

| | | |
|---|---|---|
| Attorney Kerr: | 19.4 hours x $400/hour | = $ 7,760.00 |
| Attorney Wang: | 19.78 hours x $175/hour | = $ 3,461.50 |
| Intern Thomas: | 21.1 hours x $125/hour | = $ 2,637.50 |
| Total: | | $ 13,859.00 |

## D. Costs

We next address plaintiffs' claim for costs in the amount of $1,468.88.  Under the IDEA, the list of recoverable costs is not an "open-ended provision."  Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 297 (2006); see also Neena S. v. Sch. Dist. of Phila., No. 05-5404, 2009 U.S. Dist. LEXIS 65185, at *30-33 (E.D. Pa. July 27, 2009).  Instead, a

-14-

prevailing plaintiff may only recover expenses as set forth in 28
U.S.C. § 1920, the general statute governing the taxation of
costs in federal court.  Arlington Cent. Sch. Dist., 548 U.S. at
298.  Those costs are:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically
> recorded transcripts necessarily obtained for
> use in the case;
>
> (3) Fees and disbursements for printing and
> witnesses;
>
> (4) Fees for exemplification and the costs of
> making copies of any materials where the
> copies are necessarily obtained for use in
> the case;
>
> (5) Docket fees under section 1923 of this
> title [28 U.S.C. § 1923];
>
> (6) Compensation of court appointed experts,
> compensation of interpreters, and salaries,
> fees, expenses, and costs of special
> interpretation services under section 1828 of
> this title [28 U.S.C. § 1828].

28 U.S.C. § 1920.  Based on this statute, plaintiffs are entitled
to reimbursement for $289.05 in costs incurred in copying,
faxing, and printing.  However, plaintiffs may not be reimbursed
for costs expended on travel, postage, and research.  And, as
discussed above, plaintiffs are not entitled to reimbursement for
costs incurred after the School District's settlement offer on
August 12, 2010.

Accordingly, we will award to plaintiffs $289.05 in costs.[6]

---

6.  The court has calculated this figure based on an affidavit by Kerr of costs incurred prior to August 1, 2010.  Plaintiffs have not provided specific evidence of costs incurred from August 1, 2010 to August 12, 2010.